UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THOMAS EARL FORD (#143789)            CIVIL ACTION NO.

VERSUS            21-524-SDD-EWD

19TH JUDICIAL DISTRICT COURT
EAST BATON ROUGE PARISH OF
LOUISIANA, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 27, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**THOMAS EARL FORD (#143789)**　　　　　　　　　　**CIVIL ACTION NO.**

**VERSUS**　　　　　　　　　　　　　　　　　　　　**21-524-SDD-EWD**

**19TH JUDICIAL DISTRICT COURT**
**EAST BATON ROUGE PARISH OF**
**LOUISIANA, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Complaint, as amended, of Thomas Earl Ford ("Plaintiff"), who is representing himself and who is incarcerated at the East Baton Rouge Parish Prison. It is recommended that all Plaintiff's claims be dismissed with prejudice for failure to state a claim and as legally frivolous pursuant to 28 U.S.C. §1915(e) and the required screening under §1915A.

### I.　Background

Plaintiff filed suit on or about May 27, 2021 in the Eastern District of Louisiana. The September 10, 2021, the action was transferred to this Court.[1] Plaintiff has amended the Complaint multiple times, but his alleged facts are consistent.[2] He alleges that the Nineteenth Judicial District Court, East Baton Rouge Parish, State of Louisiana ("19th JDC"), Jaclyn C. Chapman ("Chapman"), Judge Beau Higginbotham ("Judge Higginbotham"), Margaret Lagattuta ("Lagattuta"), and E. Robertson ("Robertson") violated his constitutional rights based on the handling of pretrial matters in his state criminal trial. Lagattuta was the Assistant Public Defender representing Plaintiff in state court. Chapman was the Assistant District Attorney. Judge

---

[1] R. Docs. 1, 7, 8, & 9.
[2] R. Docs. 1, 4, 10, & 15.

Higginbotham was the presiding judge,[3] and Robertson was the bailiff. Plaintiff seeks monetary and injunctive relief.[4]

## II. LAW & ANALYSIS

### A. Standard of Review

This Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[5] The statutes impose similar standards for dismissal and are intended to give the court the ability to separate those claims that may have merit from those that clearly lack a basis in law or in fact. Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Fed. R. Civ. Proc. 12(b)(6).[6] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[7] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[3] R. Doc. 1, p. 2.
[4] R. Doc. 15, p. 3.
[5] 28 U.S.C. §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"). 28 U.S.C. §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff. Ford was granted IFP status on October 20, 2021, so both statutes apply. R. Doc. 14.
[6] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[7] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

inference that the defendant is liable for the misconduct alleged."[9] For a complaint to survive dismissal, it "must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim."[10]

While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[11] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[12] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[13] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[14]

### B. The 19th JDC is Not a Proper Defendant

Though Plaintiff named the 19th JDC as a defendant and alleges that it "is in violation of due process of law,"[15] a state court cannot be sued in a § 1983 action because it is not a "person" subject to suit.[16] Accordingly, any claims against the 19th JDC are subject to dismissal as legally frivolous.

### C. Judge Higginbotham and District Attorney Chapman are Absolutely Immune from Suit

Judge Higginbotham and Assistant District Attorney Chapman are absolutely immune from liability in Plaintiff's suit for monetary damages.[17] Chapman, as an assistant district attorney,

---

[9] *Id.*
[10] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc*., 565 F.3d 228, 255-57 (5th Cir. 2009).
[11] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[12] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[13] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[14] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[15] R. Doc. 1, p. 1; R. Doc. 16, p. 1.
[16] *Wilkerson v. 17th Judicial Dist. Court, Parish of LaFourche*, No. 08-1196, 2009 WL at *3-4 (E.D. La. 2009) (state court is not a "person" subject to suit under § 1983).
[17] A district court may appropriately consider the possible applicability of the doctrine of absolute immunity as a threshold matter in making a § 1915(e) determination. *See Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994) ("it

3

is absolutely immune in a civil rights suit for any actions taken in her role as an advocate for the State of Louisiana in connection with judicial proceedings.[18] Plaintiff complains that Chapman "has failed to present any tangible evidence" relative to his guilt during pre-trial matters.[19] Absolute immunity extends to actions taken in Chapman's role as advocate for the state in the courts or when her conduct is intimately associated with the judicial phase of the criminal process.[20] This includes actions taken with respect to the presentation of evidence.[21] Because under the facts alleged, Chapman is entitled to prosecutorial immunity, Plaintiff cannot state a claim against her for monetary damages.[22]

Similarly, judicial officers are absolutely immune from liability for damages for acts performed in the exercise of their judicial functions.[23] Plaintiff's claims against Judge Higginbotham concern judicial decisions made regarding pre-trial matters, specifically that Judge Higginbotham denied Ford's motions "without showing just cause."[24] Ruling on motions is squarely within the realm of judicial function and is covered by the doctrine of judicial immunity.

Though absolute immunity does not extend to suits for injunctive relief under § 1983,[25] to the extent that Plaintiff seeks injunctive relief in the form of Defendants' disbarment,[26] this court

---

remains appropriate for district courts to consider the possible applicability of the doctrine of absolute immunity … as a threshold matter" in deciding whether a plaintiff's claims are subject to dismissal under § 1915.)

[18] *Id.*, at 285 ("Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process.").

[19] R. Doc. 15, pp. 2-3.

[20] *Jones v. Champagne*, No. 22-1364, 2022 WL 5238936, at *3 (E.D. La. Sept. 16, 2022), report and recommendation adopted, 2022 WL 5052603 (E.D. La. Oct. 4, 2022).

[21] *Id.*, at **3-4 (prosecutorial immunity applied in connection with complaints a plaintiff had regarding discovery).

[22] *Krueger v. Reimer*, 66 F.3d 75, 76–77 (5th Cir. 1995) (affirming dismissal of civil rights claims against district attorney and judge as frivolous based on absolute immunity).

[23] *See Cousin v. Small*, No. 00-69, 2001 WL 617455, at *4 (E.D. La. June 4, 2001) (even presentation of false evidence "necessarily implicates an assistant district attorney's prosecutorial function and, accordingly, is shielded by absolute immunity."). *See also Morales v. State*, No. 94-1194, 1996 WL 442229, at *3 (E.D. La. Aug. 2, 1996) (preparing and presenting evidence is intimately associated with the judicial phase of the prosecutorial function and thus, protected by absolute immunity).

[24] R. Doc. 15, p. 2.

[25] *See Chrissy F. by Medley v. Miss. Dept of Public Welfare*, 925 F.2d 844, 849 (5th Cir. 1991) (citations omitted).

[26] R. Doc. 15, p. 3. Plaintiff requests disbarment of "[e]ach named defendant," but every defendant in this matter does not appear to be an attorney.

4

has no power to grant the requested relief. Rather, such a request must be brought before the Louisiana Supreme Court, which has exclusive original jurisdiction over disciplinary proceedings against a member of the bar of the State of Louisiana."[27] Further, Ford's request for dismissal of criminal charges is not an appropriate form of relief in a suit under § 1983.[28]

### D. Public Defender Margaret Lagattuta was not Acting Under Color of State Law

Plaintiff alleges that Lagatutta was ineffective as counsel and did not proceed as he wished.[29] "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."[30] Plaintiff's complaints that Lagatutta did not want Plaintiff to speak at a motion hearing; that Lagatutta agreed to continuances, despite Plaintiff's wish for a speedier trail; and arguments regarding the filing a motion to suppress[31] are all examples of a public defender performing traditional functions as counsel to a defendant in a criminal proceeding. Thus, Lagatutta was not acting under color of state law and cannot be held liable pursuant to § 1983.[32] Accordingly, all Plaintiff's federal claims are subject to dismissal with prejudice.[33]

---

[27] La. Const. art. V, § 5(B); *Ayo v. Simoneaux*, No. 08-963, 2008 WL 2944874, at *4 (E.D. La. July 31, 2008).
[28] R. Doc. 1, p. 5; R. Doc. 4, p. 3. *See Winzer v. 26th Judicial District Court*, No. 20-1204, 2021 WL 4048475 (W.D. La. July 19, 2021) ("Release from custody and dismissal of charges are not available through a civil rights action.") (citations omitted).
[29] R. Doc. 10, p. 1.
[30] *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).
[31] R. Doc. 10, pp. 1-2.
[32] *Polk*, 454 U.S. at 325. To the extent Plaintiff has named E. Robertson as a Defendant, the only allegation against Robertson, a state court bailiff, is that he took the microphone away from Plaintiff at a motion hearing, where it appears his counsel did not want him to speak. This dispute appears as though if it was between Ford and Lagatutta, and Robertson merely followed instructions of counsel. R. Doc. 10, p. 2. As stated, there is no cognizable claim against Lagatutta under the facts alleged by Plaintiff, and there does not appear to be a discernable constitutional claim against Robertson under these facts either. Accordingly, the claims against Robertson are also subject to dismissal
[33] Though ordinarily a *pro se* plaintiff should be afforded an opportunity to amend his or her complaint prior to dismissal, leave to amend is not necessary if amendment would be futile. Here, Plaintiff should not be allowed leave to amend to attempt to state a claim because any amendment consistent with the facts alleged would be subject to dismissal. *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (though ordinarily a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed, granting leave to amend is not necessary if the plaintiff has already pleaded her best case or if an amendment would be futile). Additionally, Plaintiff has already amended his original Complaint several times.

### E.  Exercise of Supplemental Jurisdiction Should be Declined

Finally, to the extent that Plaintiff's allegations may be interpreted as an attempt to request that this Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[34]  Having recommended dismissal of all Plaintiff's federal claims, it is appropriate to decline to exercise supplemental jurisdiction over any potential state law claims.

### RECOMMENDATION

**IT IS RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over any potential state law claims, that Plaintiff Thomas Earl Ford's federal claims be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and that this case be **CLOSED**.[35]

Signed in Baton Rouge, Louisiana, on February 27, 2023.



**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[34] 28 U.S.C. § 1367.
[35] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  If this recommendation for dismissal of all claims is adopted, the dismissal will count as a strike.